PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS E. MESLOVICH, | ) | CASE NO.   1:09CV1407 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE BENITA Y. |
| COMMISSIONER OF SOCIAL SECURITY | ) | PEARSON |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION AND ORDER** |

This is an action for judicial review of the final decision of the Commissioner of Social

Security Administration ("Agency") denying the applications of  Plaintiff Thomas E. Meslovich

("Meslovich") for Disability Insurance Benefits and Supplemental Security Income.[1]

After reviewing the administrative record and the applicable legal standards, the Court

finds that the Administrative Law Judge's ("ALJ") decision, as written, is not based upon proper

legal standards.  Accordingly, the matter should be remanded pursuant to Sentence Four of 42

U.S.C. § 405(g) to permit the Agency to fully articulate the reasons for its decision and for

further consideration of Meslovich's claim in a manner consistent with this opinion.

## I.  Procedural History

Plaintiff Thomas E. Meslovich Jr. filed applications for Disability Insurance Benefits and

Supplemental Security Income (collectively "benefits") on August 19, 2004, alleging a disability

---

[1]  The parties have consented to the jurisdiction of the undersigned Magistrate Judge.
ECF. No. 17.

(1:09CV1407)

onset date of August 9, 2004.  (Tr. 101-104; Tr. 561-563.)  The Agency denied Meslovich's

claim initially and upon reconsideration.  (Tr. 36; Tr. 564.)  As a result, Meslovich filed a request

for an administrative hearing before an ALJ that was held on June 19, 2007 with    Meslovich,

his counsel and a Vocational Expert ("VE") present.  (Tr. 73, 587.)  After the ALJ issued a

decision denying benefits, on August 1, 2007, Meslovich requested administrative review of the

hearing decision.  (Tr. 12- 13; Tr.  27.)  The Appeals Council denied his request for review

making the ALJ's decision the final decision of the Agency.  (Tr. 8-10.)  Seeking judicial review

of the Agency's final decision, Meslovich timely filed a Complaint with this Court presenting the

following issues:

> (1) Whether the ALJ's Step Three Analysis was Insufficient; Whether He Erred in
> Finding that  Meslovich's Cervical Degenerative Disc Disease Did Not Meet a Listed
> Impairment;
>
> (2) Whether the ALJ Erred in Not Properly Evaluating Meslovich's Credibility;
>
> (3) Whether the ALJ's Hypothetical Question, and Subsequent RFC Finding is
> Supported  by Substantial Evidence;
>
> (4) Whether the VE's Testimony, Based on the ALJ's Flawed Hypothetical Question,
> Is Substantial Evidence that Supports the ALJ's Denial at Step Four.

ECF No. 14 at 12-13.

## II. **Relevant Facts**

Meslovich was forty-four years old at the time of the administrative hearing.  ECF No. 14

at 2.  (Tr. 590.)  Marginally literate, Meslovich graduated from high school through the

completion of special education classes.  ECF No. 14 at 2;  (Tr. 590.)  Prior to his alleged

disability onset date, Meslovich was employed as a banquet server for approximately thirteen

(1:09CV1407)

years and a factory worker for an unspecified period of time.  ECF No. 14 at 2; (Tr. 590-603.)

The ALJ determined that Meslovich suffers from the following severe impairments: diabetes mellitus, borderline intellectual functioning, depression, anxiety disorder, obesity, cervical degenerative disc disease, and a history of substance abuse disorder, but that Meslovich "[d]oes not suffer from an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1, Regulation No. 4 (20 CFR §§ 404.1520(d) and 416.920(d))."  (Tr. 21.)  The ALJ also found that Meslovich has the residual functional capacity ("RFC") to perform light work and is able to return to his past relevant work as a banquet server, as that job is generally performed.  (Tr. 22 & 26.)  Ultimately, the ALJ determined that Meslovich suffers no disabilities entitling him to benefits.  (Tr. 26.)

### III.  Standard of Review

#### A.  Judicial Review of a Final Agency Decision

Judicial review of the ALJ's decision denying disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the ALJ properly applied relevant legal standards.  *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  "Substantial evidence is more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).  Under 42 U.S.C. § 405(g), the findings of the ALJ are conclusive if they are supported by substantial evidence.

The substantial evidence standard presupposes that there is a "zone of choice" within

3

(1:09CV1407)

which the Agency may proceed without interference from the courts.  *Mullen*, 800 F.2d 535, 545 (6th Cir. 1986) (*quoting Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir.1984)).  The zone of choice doctrine dictates that an ALJ's decision must be affirmed if it is supported by substantial evidence even if the reviewing court would have decided the matter differently, and if substantial evidence *also* supports a different conclusion.  *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen*, 800 F.2d at 545.  "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir.2006).

In determining the existence of substantial evidence, the reviewing court must examine the administrative record as a whole.  *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981); *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528, 535 (6th Cir. 2001).  The district court may look into any evidence in the record, regardless of whether it has been cited by the ALJ.  *Mullen*, 800 F.2d at 545.  The reviewing court, however, may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *See Brainard*, 889 F.2d at 681; *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

**B.  Standard for Establishing Disability**

To establish disability under the Act, a claimant must show that he is unable to engage in substantial gainful activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for

4

(1:09CV1407)

a continuous period of not less than twelve months."  *See* 42 U.S.C. §§ 423(d)(1)(A),

1382(c)(a)(3)(A).

 To determine whether a claimant can engage in any substantial gainful activity, the

regulations prescribe a five-step sequential evaluation.  *See* 20 C.F.R. § 416.920(a).  The

evaluation ends at any step at which a definitive finding of disability can be made.  20 C.F.R. §

416.920(a)(4).  At Step One, the ALJ considers the claimant's work activity.  A claimant is not

disabled if engaged in substantial gainful activity, *i.e.*, working for profit.  At Step Two, the ALJ

considers the medical severity of the claimant's impairments.  A claimant is not disabled if she

does not have a severe medically determinable physical or mental impairment that also meets the

duration requirement in 20 C.F.R. § 416.909, or a combination of impairments that are severe

and meets the duration requirement.  At Step Three, the ALJ determines whether the claimant has

an impairment that meets or equals one of the criteria of an impairment listed in Appendix 1 and

meets the duration requirement.  *See* 20 C.F.R. Part 404, Subpart P, Appendix 1.  A claimant is

disabled if he has an impairment that meets the listing and the duration requirement.  Before

considering the fourth step, the ALJ must determine the claimant's Residual Functional Capacity

(also "RFC"), *i.e.*, the claimant's ability to perform physical and mental work on a sustained

basis despite limitations from impairments.  At Step Four, the ALJ considers whether the

claimant's RFC permits him to perform past relevant work.

 At the final step, Step Five, the ALJ considers the claimant's Residual functional capacity

and her age, education, and work experience to determine whether the claimant may work.  Even

if the claimant's impairment prevents her from doing her past relevant work, if other work exists

5

(1:09CV1407)

in the national economy that the claimant can perform, then the claimant is not disabled.  *Abbott*

*v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *see also Barnhart v. Thomas*, 540 U.S. 20, 24-25.

### IV.  Law and Analysis

**A.  The ALJ's Residual Functional Capacity Determination Is Not Proper.**

An ALJ's residual functional capacity assessment should be based upon "all of the

relevant medical and other evidence."  20 C.F.R. § 416.945(a)(3).  As outlined above,

sequentially, the residual functional capacity determination occurs just before the ALJ determines

whether the claimant can perform his past work (Step Four), and whether there are other jobs in

the national economy that the claimant can perform (Step Five).  A claimant's residual functional

capacity  is an indication of that individual's work-related abilities despite his limitations.  *See* 20

C.F.R. § 404.1545(a)(1).  A claimant's residual functional capacity is not a medical opinion, but

rather an administrative determination reserved to the Commissioner.  *See* 20 C.F.R.§

404.1527(e)(2).  As such, the ALJ bears the responsibility for assessing a claimant's residual

functional capacity based on all of the relevant evidence.[2]  *See* 20 C.F.R. § 404.1545(a)(3).

When errors occur in the sequential analysis prior to the ALJ's residual functional

capacity determination, such as an ALJ's failure to properly evaluate objective medical evidence

---

[2]  Under 42 U.S.C. § 405(g), the findings of the ALJ are conclusive if they are supported
by substantial evidence.  The substantial evidence standard presupposes that there is a "zone of
choice" within which the Agency may proceed without interference from the courts.  *Mullen*, 800
F.2d at 545. (*quoting* Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir.1984)).  The ALJ's decision
must be affirmed if it is supported by substantial evidence even if the reviewing court would
have decided the matter differently and substantial evidence also supports a different conclusion.
*See Mullen*, 800 F.2d at 545.

(1:09CV1407)

or a claimant's limitations, the residual functional capacity assessment must be redone.

Meslovich objects to the ALJ's Residual functional capacity assessment.  The Court agrees that the ALJ did not correctly assess Meslovich's residual functional capacity because the ALJ failed to account for significant functional limitations which were supported by objective medical evidence and acknowledged by the ALJ in other portions of his decision.

A residual functional capacity determination depends, in part, on a reliable assessment of objective medical evidence.  In this case, State Agency practitioners provided information about Meslovich's mental and physical limitations.  The ALJ appeared to accept that  Meslovich was limited to performing only "simple, routine" or "one and two step tasks."  Yet, the ALJ failed to include those limitations in his RFC.  Throughout his opinion (as shown below), the ALJ  gave credit to Meslovich's significant work-related limitations and assigned varying levels of compelling weight to the opinions of the medical practitioners who provided that medical information.

Specifically, the ALJ assigned "good weight" to State Agency Medical Consultant, J. Rod Coffman, Ph. D. who opined that, "[t]he claimant had the ability to perform simple, routine tasks (Exhibit 6F)."  (Tr. 24.)  The ALJ afforded "medium weight" to the assessment of David W. DeMuth, M.D., a State Agency Medical Consultant who also opined that Meslovich could perform simple, one and two step tasks.  (Tr. 24.)  The ALJ assigned "strong weight" to the opinion of State Agency Medical Consultant, William B. Benninger, Ph. D. (Exhibit 16F), who agreed that Meslovich could complete routine tasks and remember simple instructions, and therefore complex instructions should be limited.  (Tr. 24.)  Another State Agency Medical

7

(1:09CV1407)

Consultant, Karen S. Steger, Ph. D. opined that the Meslovich could understand simple instructions to follow simple routine tasks.  (Tr. 25.)  The ALJ afforded "great weight" to the opinion of Dr. Steger.  (Tr. 25.)   The ALJ afforded "strong weight" to the opinion of Richard N. Davis, a psychologist who performed a consultative medical examination on Meslovich.  (Tr. 25.) As stated by the ALJ, Davis determined that Meslovich was able to understand and follow simple oral directions and slowly perform simple, repetitive task.  (Tr.  25.)  The ALJ concurred with the opinion of Mitchell Wax, Ph. D., who acknowledged Meslovich's ability to perform simple repetitive tasks (Exhibit 21F).  (Tr. 26.)  Furthermore, the objective medical evidence reveals, State Agency practitioners consistently agreed that Meslovich had borderline intellectual functioning.  (Tr. 276; Tr. 298; Tr. 299; Tr. 336; Tr. 372; Tr. 378; Tr. 459; Tr.  476.)

Despite the objective medical evidence demonstrating Meslovich's functional limitations and the ALJ's acknowledgment of that evidence, the ALJ failed to include those significant functional limitations in the residual functional capacity attributed to Meslovich and did not sufficiently articulate his reasoning for not having done so.  Consequently, the ALJ's resultant residual functional capacity determination is not proper because it does not reflect a consideration of objective medical evidence about Meslovich's limitations.  20 CFR 404.1520(e), 404.1545, 416.920(e) and 416.945; SSR96-8p.  The ALJ's decision that Meslovich can return to past relevant work or perform other work in the economy is based on an incorrect or, minimally, an unsupported residual functional capacity determination and must be reversed. The ALJ must reassess Meslovich's residual functional capacity.  Therefore, a remand is necessary.

8

(1:09CV1407)

### 1.  The Hypothetical Question Failed to Include Necessary Information

Generally, a hypothetical question must precisely and comprehensively set forth every physical and mental impairment of the applicant that the ALJ accepts as true and significant.  *See Varley v. Sec. of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).  Where the ALJ relies upon a hypothetical question that fails to adequately account for all of the claimant's limitations, it follows that a finding of disability is not based on substantial evidence.  *See Newkirk v. Shalala*, 25 F.3d 316, 317 (6th Cir. 1994).  In this case, the ALJ failed to include significant functional limitations in the hypothetical.  Because the ALJ used an incorrect residual functional capacity determination as the basis for his hypothetical posed to the VE, the hypothetical was faulty, as it does not include limitations supported by objective medical evidence and credited by the ALJ.

### 2.  The Responsive Vocational Expert Testimony Is Not Reliable Evidence

Hypothetical questions posed to the vocational expert should reference all of a claimant's limitations.[3]  *Webb v. Comm'r of Social Sec.*, 368 F.3d 629, 633 (6th Cir. 2004).  When a vocational expert testifies in response to a hypothetical question that precisely sets forth all of the claimant's impairments, the response constitutes substantial evidence for a finding of either

---

[3]  If the vocational expert is already aware of claimant's limitations, failing to include them in the hypothetical is harmless.  *See*, *e.g.*, *Young v. Barnhart*, 362 F.3d 995, 1003 (7th Cir. 2004) ("In many cases, imputing knowledge to the [Vocational expert] of everything in the exhibits and testimony from the hearing will be sufficient to allow an ALJ to assume that the [Vocational expert] included all of these limitations in his assessment of the number of jobs that the applicant can perform.").  In the instant case, it is not apparent from the hearing transcript that the vocational expert was already or otherwise aware of Meslovich's limitations.  Therefore, failing to include those limitations in a hypothetical to the vocational expert is not harmless error.

(1:09CV1407)

disability or non-disability.  *See Maziarz v. Secretary of Health and Human Servs.*, 837 F.2d 240, 247 (6th Cir. 1988).  In response to the ALJ's hypothetical which allegedly mirrored Meslovich's abilities and limitations, the vocational expert testified that Meslovich could perform light and semi-skilled work or light and unskilled work.  (Tr. 606.)  The hypothetical posed to the vocational expert, however, failed to include necessary information regarding Meslovich's limitations which was credited by the ALJ and supported by objective medical evidence.  Therefore, the ALJ's reliance upon the vocational expert's testimony is erroneous.

## V.  Instructions Upon Remand

Upon remand, the ALJ must reassess Meslovich's residual functional capacity to correct or avoid the errors detailed above.  Additionally, upon remand, the ALJ must comport with the following instructions, to the extent necessary, as explained below.

### A.    Adequate Reasons Should be Provided for Disregarding Claimant's Cervical Impairment

At Step Three, the ALJ analyzes whether claimant's mental or physical impairments, alone or in combination, meet or equal a Listing.  *See* 20 CFR Part 404, Subpart P, Appendix 1; *Durbin v. Comm'r of Soc. Sec.*, 2009 WL 366615,*2 (E.D. Ky., Feb. 13, 2009).  Although, the ALJ is not required to articulate a detailed evaluation of each of  the Listings which might apply to the claimant, it is necessary for the ALJ to make apparent his considerations and provide specific explanations.  *Miller v. Shalala*, 8 F.3d 611, 613 (8th Cir. 1993) (To make adequate findings, the ALJ "does not have to discuss every piece of evidence presented.").  The ALJ should, however, explain some of the relevant evidence.

In this case, the ALJ's Step Three analysis requires subsequent reviewers to intuit his

10

(1:09CV1407)

reasons for finding that Meslovich does not have an impairment or combination of impairments that meets or medically equals one of the Listed Impairments. A subsequent reviewer must sift through the record in hopes of determining what the ALJ's conclusory statements mean. Chief among the questions left unanswered by the ALJ's decision is why Meslovich's cervical disc disease was disregarded (or found not to be "disabling" impairment) at Step Three of the ALJ's analysis. Sifting through the record to find evidence to support an insufficiently written decision is not the job of the Court. *O'Connor v. Sullivan*, 938 F.2d 70, 73 (7th Cir. 1991). ("We have not authority to supply a ground for the agency's decision . . . and cannot rectify an error by playing administrative law judge.").

Upon remand, the ALJ must issue a written a decision which provides a Step Three analysis "that explains in clear and understandable language the specific reason for the decision." 20 C.F.R.§ 416.1453(a).

### B.    The ALJ's Credibility Determination is Insufficiently Articulated

It is not the function of a reviewing court to determine the credibility of the claimant. *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 928 (6th Cir. 1987). Credibility determinations regarding a claimant's subjective complaints rest with the ALJ. *See Hopkins v. Comm'r of Soc. Sec.*, 96 Fed.Appx. 393, 395 (6th Cir. 2004) (*citing Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987)). The ALJ's credibility findings are entitled to considerable deference and should not be discarded lightly. *See Villareal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987).

Meslovich alleges that the ALJ erred in not properly evaluating his credibility. Declaring

11

(1:09CV1407)

that "[Meslovich] had low credibility due to his drug/alcohol lifestyle," the ALJ at least partly

based his credibility finding on Meslovich's drug and alcohol usage without any obvious analysis

or explanation.  (Tr.24.)  Low credibility due to drug and alcohol usage is a factor of the type to

be considered in the catchall, seventh, factor provided by SSR 96-07p.: "any other factors

concerning the claimant's functional limitations and restrictions due to pain or other symptoms."

Without further assessment or explanation regarding this factor, the ALJ's credibility

determination is, at best, incomplete.

On remand, Meslovich's credibility must be reevaluated, and the ALJ must sufficiently

set forth reasons for that credibility determination, including any finding related to Meslovich's

drug and alcohol usage.

**C.     Meslovich's History of Drug and Alcohol Must Be Properly Evaluated, if He is Found to be Disabled**

If, upon remand, Meslovich is found to be disabled, a complete regulatory analysis of

drug and alcohol abuse is required in order to determine whether he would be disabled without

his drug and alcohol abuse.   The Contract with America Act of 1996 ("Welfare Reform Act"),

Pub.L.No. 104-121, 110 Stat. 852, 853 (eff. Mar. 29, 1996), amended the Social Security Act to

prohibit the award of benefits to individuals for whom alcoholism or drug addiction is a

contributing factor material to their disability determination.  *See* 42 U.S.C. § 423(d)(2)(c); 42

U.S.C. § 1382c(a)(3) (J).  The House Report on the Act states that this law was enacted to:

> eliminate payment of cash Social Security and SSI disability benefits to drug addicts
> and alcoholics, to ensure that beneficiaries with other severe disabilities who are also
> drug addicts or alcoholics are paid benefits through a representative payee and
> referred for treatment and to provide additional funding to States to enable recipients

12

(1:09CV1407)

     to continue to be referred to treatment sources . . . .

H.R. 104-379, 104th Cong., 1995 WL 717402 (Leg.Hist.) at *20 (Dec. 4, 1995).

     Section 404.1535 of Title 20 of the Code of Federal Regulations governs whether a claimant's drug or alcohol use is a contributing factor material to the determination of disability. When a claimant alleges disability and is also an abuser of alcohol or other drugs, the primary question to be answered is "whether the individual would (continue to) be disabled if he or she stopped using drugs or alcohol?"  If the answer is "yes," then the claimant is not eligible for benefits.  Consequently, in order to determine whether a claimant's alcohol or drug use precludes him from receiving Social Security benefits, the ALJ must first determine whether a claimant is disabled and then determine whether alcohol or drug use is a material contributor to the determination of disability, *i.e.,* whether severe enough limitations would remain in the absence of alcoholism or drug addiction.  *Parton v. Comm'r of Soc.* Sec., 2008 WL 4657086* 9 (S.D.Ohio 2008); 20 C.F.R. § 404.1535(a).

     Claimant bears the burden of proving that alcoholism or drug addiction is not a contributing factor material to the claimed disability. [4]  *See Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007) ("We thus make explicit what was intimated by our earlier cases, that the claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability."); *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ("[Plaintiff] carries the burden of proving her substance abuse is not a contributing factor material to the

---

[4] *Parton v. Comm'r of Soc. Sec.*, 2008 WL 4657086 * 9 (S.D. Ohio 2008) ("If the claimant is found not disabled, despite whatever limitations he or she has, including those related to substance or alcohol abuse, the question of whether claimant's limitations are impacted by such drug or alcohol use is moot.").

(1:09CV1407)

claimed disability."); *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999) ("Brown bears the burden of proving that drug or alcohol addiction is not a contributing factor material to her disability. Brown did not carry this burden.").

The ALJ, however, retains the responsibility of developing a full and fair record in the non-adversarial administrative proceeding. *Hildebrand v. Barnhart*, 302 F.3d 836, 838 (8th Cir. 2002). "If the ALJ is unable to determine whether substance use disorders are a contributing factor material to the claimant's otherwise acknowledged disability, the claimant's burden has been met and an award of benefits must follow." *See Fastner v. Barnhart*, 324 F.3d 981, 986 (8th Cir. 2003); *See also Brueggeman v. Barnhart*, 348 F.3d 689, 693 (8th Cir. 2003) ("In colloquial terms, on the issue of the materiality of alcoholism, a tie goes to [the claimant].").

The ALJ must reach the determination regarding the claimant's disability initially using the standard five-step approach described in 20 C.F.R. § 404.1520 without segregating out any effects that might be due to substance use disorders. *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001); *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001). Upon a finding that a claimant has severe impairments, the Regulations dictate that the ALJ next determine whether the claimant would still be disabled without the substance abuse. 20 C.F.R. § 404.1535 indicates that in making this determination, the ALJ should "evaluate which of [the] current physical and mental limitations, upon which [she] based [the] current disability determination, would remain if [the claimant] stopped using drugs or alcohol and then determine whether any or all of [the claimant's] remaining limitations would be disabling." If a claimant has drug abuse and alcoholism-related physical or psychological impairment(s), or a combination thereof, that are

14

(1:09CV1407)

disabling even when drug or alcohol abuse has stopped, the claimant is disabled.  Stated

differently, if the limitations remaining after the drug and alcohol use has stopped are not

disabling, the substance abuse is a contributing factor material to the disability.  *Id*.

In the instant matter, on remand, the ALJ must  evaluate Meslovich's drug and alcohol

abuse, if disability is found.  A proper drug and alcohol analysis assists the Commissioner in

fulfilling his duty to develop the record fully and fairly.  It is not acceptable to dismiss

Meslovich's alcohol and drug abuse without sufficient explanation or discussion.  Thus, on

remand, if Meslovich is found disabled, the ALJ must then provide analysis evaluating

Meslovich's history of drug and alcohol abuse to determine if that abuse is a contributing factor

to the determination of disability.

## VI.  Conclusion

The Court orders that the final Agency decision denying Meslovich benefits be

reversed and the matter remanded, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), with

instructions that, upon remand, the ALJ: (1) conduct a reassessment of Meslovich's residual

functional capacity; (2) reconsider and explain whether Meslovich's severe impairment of

cervical degenerative disc disease meets a Listed Impairment and; (3) reconsider Meslovich's

credibility; and (4) perform the required drug and alcohol abuse analysis, if necessary.

(1:09CV1407)

      For the reasons set forth above, this case is remanded pursuant to the Fourth Sentence of 42 U.S.C. § 405(g).


      IT IS SO ORDERED.

Dated: September 3, 2010                               \_\_/s/ Benita Y. Pearson_____
                                                   United States Magistrate Judge